RECEIVED
IN CLERK'S OFFICE
JAN 2 8 2009
U.S. DISTRICT COURT
MID. DIST. TENN.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3 09 0087 |
| GORDON B. GRIGG and PROTRUST MANAGEMENT, INC. | : JUDGE HAYNES |
| d/b/a PROTRUST MANAGEMENT GROUP, LLC | : |
| d/b/a PROTRUST MANAGEMENT GROUP, INC. | : |
| d/b/a PROTRUST MANAGEMENT GROUP, INC. LLC | : |
| d/b/a PROTRUST CORPORATION, | : |
| Defendants. | : |

## PROPOSED ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, ORDER PROHIBITING DESTRUCTION OF DOCUMENTS, ORDER EXPEDITING DISCOVERY, AND ORDER GRANTING OTHER EQUITABLE RELIEF

Dated: January 28, 2009

Respectfully submitted,

BY: *William P. Hicks/phg by expressed permission*
William P. Hicks
Regional Trial Counsel
Georgia Bar No. 351649
E-mail: hicksw@sec.gov

Robert K. Gordon
Senior Trial Counsel
Georgia Bar No. 302482
E-mail: gordonr@sec.gov

Aaron W. Lipson
Senior Staff Attorney
Georgia Bar No. 453828
E-mail: lipsona@sec.gov

Counsel for Plaintiff

Securities and Exchange Commission
3475 Lenox Road, N.E., Suite 1000
Atlanta, Georgia 30326-1232
Tel: (404) 842-7600
Fax: (404) 842-7679

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No. |
| GORDON B. GRIGG and PROTRUST MANAGEMENT, INC.<br>  d/b/a PROTRUST MANAGEMENT GROUP, LLC<br>  d/b/a PROTRUST MANAGEMENT GROUP, INC.<br>  d/b/a PROTRUST MANAGEMENT GROUP, INC. LLC<br>  d/b/a PROTRUST CORPORATION, | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, ORDER PROHIBITING DESTRUCTION OF DOCUMENTS, ORDER EXPEDITING DISCOVERY AND ORDER GRANTING OTHER EQUITABLE RELIEF

Upon the Motion of the Securities and Exchange Commission ("Commission"), upon the Certification of the Commission submitted pursuant to Rule 65(b) and (d) of the Federal Rules of Civil Procedure, and upon the Complaint in this action and supporting documents relied on and submitted

therewith, and it appearing from the allegations set forth in the papers submitted by the Commission that the Defendants Gordon B. Grigg ("Grigg") and ProTrust Management, Inc., d/b/a ProTrust Management Group, LLC, d/b/a ProTrust Management Group, Inc., d/b/a ProTrust Management Group, Inc. LLC, d/b/a ProTrust Corporation (collectively "ProTrust Management") pending final determination of this action may, unless restrained, continue to engage in acts and practices which constitute violations or aiding and abetting of violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, and, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and(2)], and that the Defendants may dissipate funds fraudulently obtained, and it appearing that adequate grounds exist for the issuance of this Order,

## I.

**IT IS HEREBY ORDERED** that Defendants show cause, if any there be, before Judge _____ of this Court, at ___ o'clock in the _____ on the ___ day of _____, 2009, in Courtroom ___ of the United States Courthouse, 801 Broadway,

-2-

Case 3:09-cv-00087  Document 5-1  Filed 01/28/09  Page 4 of 10 PageID #: 36

Nashville TN, or as soon thereafter as the matter can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted, as requested by the Commission.

## II.

**IT IS HEREBY ORDERED** that until further order of this Court Defendants, their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them, who receive actual notice of this Consent Order by personal service or otherwise, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, be, and hereby are, enjoined and restrained from, directly or indirectly:

(a) employing any device, scheme or artifice to defraud;

(b) engaging in any act, practice, transaction or course of business which operates or would operate as a fraud or deceit upon any person;

(c) obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to

make the statements made, in the light of the circumstances under which they were made, not misleading; or

(d) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading,

in violation of Section 17(a) of the Securities Act, 15 U.S.C. 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b), and Rule 10b-5, 17 C.F.R. 240.10b-5, thereunder.

## III.

**IT IS FURTHER ORDERED** that Defendants and their agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of this Final Judgment, by personal service, facsimile or otherwise, and each of them, be and hereby are, permanently enjoined and restrained from violating or aiding and abetting violations of Section 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. 80b-6(1) and (2)], by, directly or indirectly, making use of means and instruments of transportation and communication in interstate commerce and of the mails:

(1) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## IV.

**IT IS FURTHER ORDERED** that, pending entry of the Final Judgment in this matter, all assets of, or under the control of Defendants are frozen, except as otherwise specified herein. Pending entry of the Final Judgment, Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of said defendant. This Court further enjoins any disbursement by Defendants, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business names they may operate under, of any proceeds derived from the transactions alleged in the Commission's complaint. The freeze shall include but not be limited

to those funds located in any bank accounts, brokerage accounts, and any other accounts or property of Defendants. Defendant Grigg may apply to the Court with a signed, sworn statement of financial condition for an amount which the Court may determine may be exempted from the freeze for the purpose of meeting his ordinary and necessary living expenses. Nothing is this order shall prevent Grigg from obtaining employment in the future and any earnings from that employment shall be segregated from any frozen accounts and shall not be subject to this freeze.

## V.

**IT IS FURTHER ORDERED** that Defendants shall not exercise any discretionary authority or power of attorney with respect to the purchase or sale of securities held in the name of, for the benefit of or in the interest of any person other than Defendants (any such exercise of discretionary authority or power of attorney with respect to the purchase or sale of securities held in the name of, for the benefit of or in the interest of Defendants being subject to the restrictions set forth in Paragraph IV. of this Order). This Order is not intended to impose any independent limitations on the ability of Defendants' clients to buy, sell, liquidate or withdraw funds from securities accounts held with broker-dealers registered

with the Commission, including accounts over which Defendants have grants of discretionary authority or limited powers of attorney.

## VI.

**IT IS FURTHER ORDERED** that the Commission may take expedited discovery as follows:

A. The Commission and Receiver may take depositions upon oral examination subject to three days notice prior to expiration of 30 days after service of the Summons and Complaint upon defendant, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure;

B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants shall answer all plaintiff's interrogatories within three days of service of such interrogatories;

C. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, upon request of the Commission, the Defendants shall produce all documents within three days of service of such request;

D. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to the Commission at 3475 Lenox Road N.E., Suite 500, Atlanta, Georgia 30326-1232, or such other

place as counsel for the Commission may direct, by the most expeditious means available.

## VII.

**IT IS FURTHER ORDERED** that this Order will remain in effect until modified by further order of this Court.

## VIII.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

Dated: _____, 2009

_____
UNITED STATES DISTRICT JUDGE